## WOODBERRY V. WARNER.

Decided November 1, 1890.

*Contract of employment—Damages for breach.*

> Where the owner of a steamboat employs a pilot, agreeing to transfer to him a one-fourth interest in the boat as soon as its net earnings amount to a certain sum, and subsequently, by selling the boat, puts it out of his power to comply with the contract, he is liable to the pilot for the value of his services during the time he has been so employed.

APPEAL from *Independence* Circuit Court.

J. W. BUTLER, Judge.

Woodberry was owner of a steamboat, the "Allen," engaged in the carrying trade on White river. On January 1, 1886, he employed Warner as pilot at a salary of $720.00 per year, with the further agreement that, as soon as the net earnings of the boat should amount to $8,000.00, he should become the owner of one-fourth interest in it.

In November, 1886, Woodberry bought another boat, the "Home," and run her on White river, so as to divide the trade with the Allen. On May 31, 1888, he sold the Allen without Warner's consent, before she had earned the amount above specified. Warner sued Woodberry upon a *quantum meruit* for the value of his services, alleging that they were worth $1,000.00 per year, or $280.00 more than he had received.

*Robert Neill* for appellant.

1.  Plaintiff could not recover on a *quantum meruit* the value of his services, but must recover the value of one-fourth part ot the boat at such time as her net earnings should have amounted to $8,000.00.  It was therefore error to admit evidence of the value of his services.  No judgment can be rendered on an immaterial issue.  Newman, Code Pl., 518.

2.  While it is true that when one fails to perform his contract, or disables himself from performing it, the other party may rescind and recover on *quantum meruit* (Pars., Cont., vol. 2, p. 678, note *x*), yet when a failure to perform is but partial, having a distinct part as a subsisting and executed consideration, and having also his remedy for damages for the part not performed, he cannot rescind.  2 Pars., Cont., vol. 2, p. 678, note *z*.

*J. C. Yancey* for appellee.

1.  Plaintiff had a right to treat the contract as rescinded, and sue on a *quantum meruit* for his services.  10 Iowa, 60; 25 Barb. (N. Y.), 433; 38 Me., 282; 5 Md., 121; 34 Pa. St., 475; How., La. An., 635; 27 Mo., 308; 19 Johns. (N. Y.), 513; 13 Mo., 517.  See also 2 Suth., Dam., pp. 515, 576; 68 Mo., 131; 44 N. Y. Sup. Ct., 401; 40 N. W. Rep., 73; 50 Iowa, 250; 91 Pa. St., 92; 70 Mo., 183; 25 Kan., 736; 29 La. An., 286; 44 Iowa, 159; 49 Tex., 619.

If a party becomes unable to perform his part, or disposes of the thing so as to render him unable or disqualified to perform, the other may rescind.  Bish. on Cont., sec. 826 (latest ed.), and sue on *quantum meruit*, and the damages will be the value of services, etc.  2 Suth., Dam., pp. 521-2; 1 Am. St. Rep., 581.  If appellant violated his contract, appellee can recover on *quantum meruit*.  17 Ark., 252; 39 N. H., 431; 10 Ill., 298; 9 Ind., 166; 7 Black, Ind., 603; 53 Ill., 52; 58 Me., 86.

PER CURIAM.    1.    The defendant having put it beyond·
his power to perform the contract according to its terms, the
plaintiff was entitled to recover the value of his services over
and above the amount he had received under the contract.

2.    The terms of the contract, as alleged in the com-
plaint, required the defendant to devote his personal services·
to the business of the steamer Allen.    As the bill of excep-
tions does not purport to set forth the substance of all the·
testimony, the verdict is conclusive that the contract was
such as the plaintiff alleged.    Evidence therefore was admis-·
sible which tended to show that the defendant's conduct in·
devoting his services to another steamer decreased the earn-
ings of the Allen, and thereby prevented the plaintiff from
earning the interest in the Allen called for by the contract.

No other questions are argued by counsel, and there be-·
ing no error as to these, the judgment is affirmed.